IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STERLING CONLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:24-cv-135 ALM/KJP |
| | § | |
| MARY FRANCIS HURT CONLEY WRIGHT, et al., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

Defendant, Sony Music Entertainment, incorrectly named as Sony Records ("*Defendant*"), files this Motion to Dismiss or, Alternatively, Motion for More Definite Statement.

1. Plaintiff, Sterling Conley ("*Plaintiff*") proceeding pro se, filed his Complaint against Defendant and others on or about February 15, 2024. He sent a summons to Defendant by UPS, which Defendant received on or about March 4, 2024. *See* Exhibit A.

2. Defendant seeks dismissal under Rule 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with the service requirements of Fed. R. Civ. P. 4.

3. Alternatively, Defendant respectfully requests the Court order Plaintiff to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, as Plaintiff's Complaint contains numerous vague, confusing, and indecipherable allegations, making it impossible for Defendant to respond.

## MOTION TO DISMISS FOR INSUFFICIENT SERVICE

4. Defendant seeks dismissal of the complaint due to insufficient service of process. The Federal Rules of Civil Procedure authorize service on a corporation or other entity by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Under the rules, service may be made by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). The rules do not provide for service by UPS.

5. Rule 4 also allows service in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Texas law, one means of service is mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation with a copy of the petition attached thereto. Tex. R. Civ. P. 106(a)(2). Such service, however, must be made by a person authorized by Rule 103 of the Texas Rules of Civil Procedure. Rule 103 allows service by persons authorized by law,

such as a sheriff or constable, or by court order, "[b]ut no person who is a party to or interested in the outcome of a suit may serve any process in that suit." Tex. R. Civ. P. 103.

6. Here, however, Plaintiff himself sent the summons and Complaint to Defendant via UPS to Defendant. This is insufficient because Plaintiff is an interested party to this suit and, thus, cannot meet the requirements of Rule 4 or Rule 106. Accordingly, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Defendant respectfully seeks dismissal of Plaintiff's action.

7. The Court should note that this action appears to be a renewed version of a case previously filed before this Court, *Conley v. BMI et al.*, Civ. No. 4:22-cv-00001-ALM-CAN (the "***Prior Action***"), that was dismissed without prejudice last year. In that case, Plaintiff purported to serve at least some defendants (but not Defendant herein) by UPS, and the Court, while denying without prejudice a motion to dismiss filed by those defendants, issued an Order directing Plaintiff to effect proper service by a specified date. Prior Action, Dkt. Nos. 23, 30, 33. After Plaintiff failed to effectuate service in compliance with the Court's Order, the Court dismissed the Prior Action, without prejudice. Prior Action, Dkt. Nos. 35, 37.

8. In light of the fact that Plaintiff was specifically advised in the Prior Action of the need to effect service in compliance with Rule 4 and failed to do so, after being given multiple opportunities, Defendant respectfully requests that this case be dismissed with prejudice as to it.

## MOTION FOR MORE DEFINITE STATEMENT

9. Alternatively, Defendant moves for a more definite statement under Fed. R. Civ. P. 12(e). Federal Rule of Civil Procedure 12(e) provides in relevant part:

> A party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

10. The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006); *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (where complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself," Rule 12(e) relief is appropriate).

11. In particular, Plaintiff has failed to meet the minimal pleading requirements of Rule 8, which require, among other things, a short and plain statement of the grounds for the court's jurisdiction, and a short and plain statement of the claims showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a).  Rule 8 of the Federal Rules of Civil Procedure requires sufficient clarity in pleadings to permit each individual defendant to

know what he, she, or it is accused of, and the basis of those allegations, in order for the defendant to either prepare a responsive pleading or otherwise seek dismissal under Rule 12. Here, however, the Complaint fails to allege any action or inaction by Defendant that would give rise to any particular cause of action. As such, it is impossible for Defendant to determine what claims are asserted against this Defendant, and to determine which claims are asserted against other defendants.

12. Accordingly, Defendant seeks relief under Rule 12(e). *See, e.g., Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999); *Sisk v. Texas Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981); *Santos v. Texas Workforce Comm'n*, No. H- 08-1869, 2008 WL 2902078, *1 (S.D. Tex. July 28, 2008).

WHEREFORE, Defendant prays that its Motion to Dismiss be granted, that Plaintiff's claims against it be dismissed with prejudice, and that the Court award Defendant such additional relief, at law and in equity, as the Court deems just and proper. Alternatively, Defendant respectfully requests that the Court order Plaintiff to file a pleading in compliance with Rule 8.

Dated: March 13, 2024.

Respectfully submitted,

/s/ *Brian Vanderwoude*

**J. Brian Vanderwoude**
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
**Monica Niewiarowski**
Texas Bar No. 24105877
niewiarowski.monica@dorsey.com
**DORSEY & WHITNEY LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

**ATTORNEYS FOR DEFENDANT**
**SONY MUSIC ENTERTAINMENT**

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Brian Vanderwoude*
J. Brian Vanderwoude